# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HAROLD D. HARDEN,

        Plaintiff,

vs.

NEVADA DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

Case No. 2:15-cv-00970-GMN-CWH

**ORDER**

    Presently before the court is pro se Plaintiff Harold D. Harden's motion for order to show cause (ECF No. 26), filed on October 20, 2016. Defendant Venus Fajota filed a response (ECF No. 27) on November 3, 2016. Plaintiff filed a reply (ECF No. 29) on November 7, 2016. Plaintiff filed a supplemental reply (ECF No. 31) on November 16, 2016.

    Also before the court is Plaintiff's objection regarding acceptance of service (ECF No. 30), filed on November 21, 2016. Defendant did not file a response.

    Also before the court are Plaintiff's motions for a scheduling order (ECF Nos. 32, 41), filed on November 28, 2016, and February 21, 2017, respectively. Defendant did not file responses.

    Also before the court is Plaintiff's objection and reply to Defendant's answer (ECF No. 34), filed on January 12, 2017. Defendant filed a countermotion to strike (ECF No. 36) on January 25, 2017. Plaintiff filed a response (ECF Nos. 37, 39) on February 3 and February 8, 2017, respectively. Defendant did not file a reply.

    Also before the court is Plaintiff's motion for a contempt order (ECF No. 35), filed on January 23, 2017. Defendant filed a response (ECF No. 38) on February 7, 2017. Plaintiff filed a reply (ECF No. 40) on February 13, 2017.

///

**I. BACKGROUND**

The parties are familiar with the facts of this case, and the court will repeat them here only as necessary. This civil-rights action arises out of a dispute regarding the Nevada Department of Corrections' accounting staff's handling of funds in Plaintiff's inmate account. Specifically, Plaintiff alleges accounting staff stole the $20.00 monthly gift from Plaintiff's disabled mother because they repeatedly withdrew this money for a disciplinary sanction and medical fees although those fees already had been paid. (Am. Compl. (ECF No. 17) at 4.) Plaintiff further alleges that money for legal fire boxes and telephone time was improperly deducted from his account. (*Id.*) After screening, the only remaining claim is Plaintiff's due process claim against Defendant Venus Fajota. (Screening Order (ECF No. 20) at 6.)

The parties participated in an Inmate Early Mediation conference with a court-appointed mediator but were unable to reach a settlement. (Mins. of Proceedings (ECF No. 23).) Following the mediation, the court ordered the Attorney General's Office to advise the court and Plaintiff of the names of the defendants for whom it would accept service. (Order (ECF No. 25).) The Attorney General's Office subsequently filed a notice stating it accepted service for Defendant Fajota. (Notice of Acceptance of Service (ECF No. 28).) Plaintiff now files various motions seeking contempt sanctions related to the mediation, Rule 11 sanctions, and assistance with other issues. Defendant moves to strike one of Plaintiff's motions.

**II. MOTION FOR ORDER TO SHOW CAUSE (ECF No. 26)**

Plaintiff requests that the court impose contempt sanctions on all other parties who participated in the mediation, arguing that the defense representatives who attended did not have full settlement authority and were not authorized to hear the sensitive issues discussed at the mediation. Plaintiff argues this put him at a disadvantage during the mediation and was in violation of the court's order setting the mediation. In addition to contempt sanctions, Plaintiff requests that the mediation be rescheduled, that the deputy attorney general assigned to this case be removed, and that he be awarded attorney's fees and costs related to the mediation.

Defendant responds that all necessary and proper people attended the mediation, including an individual with full monetary settlement authority. Specifically, Defendant represents that the

mediation was attended by Theresa M. Haar, Defendant's attorney; Warden Gentry and Associate Warden Howell as representatives on behalf of the Nevada Department of Corrections; and Ann McDermott, on behalf of Nancy Katafias, the State Tort Claims Manager with monetary settlement authority. (Opp'n to Pl.'s Mot. for OSC (ECF No. 27) at 2.)

Plaintiff replies that Defendant's opposition should be stricken because it does not contain legal argument or authority. He further replies that Warden Gentry did not attend, that Jeff Miller attended, and that Ann McDermott stated that she was a representative of the insurance company but that she was not authorized to make decisions about the case. Finally, he replies that the mediator stated that Defendant's representatives were not authorized to provide Plaintiff's settlement terms.

The court's order setting the mediation required the following individuals to attend the mediation on behalf of Defendant: Defendant's attorney, a representative for the Nevada Department of Corrections, and a representative with full monetary settlement authority. (Order (ECF No. 22) at 2.) The parties were advised that the court may impose sanctions if a necessary party or representative failed to attend the mediation. (*Id.*) Additionally, the parties were advised that the court "may also impose additional sanctions on the party or its attorney if facts and circumstances justify such sanctions." (*Id.*)

Based on the information in the court's docket sheet, the mediation was attended by Defendant's attorney, Theresa Haar; Wardens Gentry and Howell on behalf of the Nevada Department of Corrections; and Ann McDermott as acting Nevada Tort Claims Manager. (Mins. of Proceedings (ECF No. 23).) Although Plaintiff states that Warden Gentry did not attend, the court's records indicate that he was present. (*Id.*) The court understands Plaintiff to be arguing that Jeff Miller was not authorized to attend the mediation and to hear sensitive information; however, Jeff Miller is the courtroom administrator who assisted with the mediation. (*Id.*) Although Plaintiff argues that Ann McDermott did not have authority to make decisions about the case, Defendant represents that she had financial settlement authority and the court's docket indicates that other decision-makers—Wardens Gentry and Howell—were in attendance. While these individuals may not have had authority to give Plaintiff the precise settlement terms that he was

3

1 requesting, Plaintiff does not present any evidence indicating they did not participate in the
2 mediation in good faith. Given that the required individuals attended the mediation and appear to
3 have made a good-faith effort to mediate, there is no basis for the court to issue contempt sanctions
4 based on the record before it. The court therefore will deny Plaintiff's motion.

### III. OBJECTION REGARDING ACCEPTANCE OF SERVICE (ECF No. 30)

Plaintiff objects to the notice of acceptance of service of process filed by the Attorney General's Office on behalf of Defendant Fajota. Although it is somewhat unclear, the court understands Plaintiff to be arguing that on November 7, 2016, the Attorney General's Office accepted service on behalf of Defendant Fajota but that on the same date, defendants also accepted service on their own behalf. Plaintiff refers to docket number 28 in support of this argument. Plaintiff argues that under Rule 12 of the Federal Rules of Civil Procedure, acceptance of service of process was insufficient and requires dismissal. Defendant did not respond to this motion.

Docket number 28 is the notice of acceptance of service that was filed by the Attorney General's Office on behalf of Defendant Fajota on November 7, 2016. (Notice (ECF No. 28).) The only other document filed that date was a reply brief that Plaintiff filed in support of an unrelated motion. (Reply (ECF No. 29).) A review of the docket indicates that Defendant Fajota has not filed a notice of appearance besides the notice filed by her attorney.

To the extent that Plaintiff argues Defendant Fajota should be dismissed based on insufficient service of process under Rule 12(b), this rule is inapposite in these circumstances. Rule 12(b) of the Federal Rules of Civil Procedure sets forth various defenses that a party may assert in a responsive pleading or by a motion served before the responsive pleading is due, including the defenses of insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4)-(5). Given that Rule 12(b) enumerates defenses to a claim for relief and that Defendant Fajota has not asserted any claims for relief against Plaintiff, this rule does not apply. Additionally, it is unclear to the court how Plaintiff is prejudiced by filing of the notice of acceptance of service of process. The court therefore will deny this motion.

///
///

4

## IV. MOTIONS REGARDING DEFENDANT'S ANSWER (ECF No. 34, 36)

Plaintiff objects to Defendant Fajota's answer (ECF No. 33).[1] Additionally, Plaintiff replies to various affirmative defenses raised in Defendant Fajota's answer, arguing the affirmative defenses should fail based on the facts of this case. Plaintiff requests that the court strike the affirmative defenses from the answer under Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that they are impertinent, immaterial, and irrelevant.

Defendant Fajota counter moves to strike Plaintiff's objection and reply, arguing that an opposition to an answer is not a permissible pleading. Defendant further argues that under Rule 7(a)(7) of the Federal Rules of Civil Procedure, a reply to an answer is permissible only if ordered by the court. In response, Plaintiff reiterates that Defendant's affirmative defenses are baseless and should be stricken. Plaintiff also argues that Defendant is improperly filing documents rather than having the Attorney General's Office file documents on her behalf.

Rule 12(f) provides that the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant matter" is that which "consists of allegations that constitute a needless repetition of other averments." *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1299–300 (D. Nev. 2003), *aff'd in part, rev'd in part*, 130 F. App'x 153 (9th Cir. 2005). Matter is "immaterial" if it "has no bearing on the controversy before the court." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Allegations are "impertinent" if they "are not responsive or irrelevant to the issues that arise in the action" and are inadmissible as evidence. *Id.* "Scandalous" matter includes allegations that "cast a cruelly derogatory light on a party or other person." *Id.* Striking material under Rule 12(f) is considered a "drastic remedy" that is "generally disfavored." *Nevada Fair Housing Center, Inc. v. Clark Cnty.*, 565 F. Supp. 2d 1178, 1187 (D. Nev. 2008). It is within the court's discretion whether to strike matters from a pleading. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 940, 974 (9th Cir. 2010).

---

[1] Plaintiff states that he is objecting under Rule 51 of the Federal Rules of Civil Procedure. Given that Rule 51(c) deals with the procedure for objecting to proposed jury instructions, this rule is inapposite in this case.

Under Rule 7(a) of the Federal Rules of Civil Procedure, pleadings include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." A reply to an affirmative defense raised in an answer "should not be ordered unless there is a clear and convincing factual showing of necessity or other extraordinary circumstances of a compelling nature." *Moviecolor Ltd. v. Eastman Kodak Co.*, 24 F.R.D. 325, 326 (S.D.N.Y. 1959).

Here, Plaintiff's objection and reply is an inappropriate pleading because neither party has requested, and the court has not permitted, a reply to the answer in this case. The court in its discretion therefore will strike Plaintiff's objection and reply. To the extent Plaintiff moves to strike Defendant's affirmative defenses under Rule 12(f), the court will deny Plaintiff's motion without prejudice. Although he states that the affirmative defenses are impertinent, immaterial, and irrelevant, he does not provide points and authorities explaining why the affirmative defenses are redundant, immaterial, impertinent.

As for Plaintiff's argument that Defendant is improperly filing documents rather than having the Attorney General's Office file on her behalf, the court has reviewed its docket and there is not a single filing in this case that was made by the Defendant without the assistance of the Attorney General's Office. The court cannot discern a factual basis supporting this argument and therefore declines to grant any relief on this grounds.

**V.      MOTION FOR CONTEMPT SANCTIONS (ECF No. 35)**

Plaintiff moves for Rule 11 sanctions, arguing that docket number 33 was "filed by an improper person seeing that acceptance of service was done and filed by [Deputy Attorney General] Theresa M. Haar, Esq." (Mot. for Sanctions (ECF No. 35) at 2.) Plaintiff further argues that the court has ordered the parties to prepare a proposed joint scheduling order and that Defendant has refused to participate in that process in good faith.

Defendant responds that Plaintiff has not followed the procedural requirements for filing a Rule 11 motion. Defendant further responds that the Attorney General's Office's acceptance of service and filing of an answer for Defendant is not conduct that gives rise to a finding of contempt

or sanctions. Plaintiff replies that the "filer of the document 33 is that of named defendant [and] not the defenses [sic] counsel." (Reply (ECF No. 40).)

Rule 11(a) provides in relevant part that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Rule 11(b) sets forth the standards that attorneys and pro se parties must meet when filing pleadings, motions, or other documents in court. Fed. R. Civ. P. 11(b). Rule 11(c) regulates who may be sanctioned, how the sanction process may be initiated, and the extent of the court's sanction power. Fed. R. Civ. P. 11(c). As is pertinent to this motion, Rule 11(c)(2) does not permit sanctions motions to be filed with the court until 21 days after service of the motion on the party against whom sanctions are being sought. Fed. R. Civ. P. 11(c)(2).

Here, docket number 33 is Defendant Fajota's answer. (Ans. (ECF No. 33).) The notation in the court's electronic docket sheet indicates that the filing was made by Theresa Haar, the Deputy Attorney General who represented Defendant Fajota at the time the answer was filed. The answer's caption states that Adam Paul Laxalt, Attorney General, and Theresa M. Haar, Deputy Attorney General, are "Attorneys for Defendant Venus Fajota." (*Id.* at 1.) The answer is signed by Theresa M. Haar on behalf of Defendant. (*Id.* at 5.)

Given that Rule 11(a) requires a pleading to be signed by an attorney of record in the attorney's name and that Defendant's answer was signed by her attorney, Theresa M. Haar, Defendant's answer does not violate Rule 11(a). Plaintiff does not argue that the answer violates the standards set forth in Rule 11(b). Additionally, Plaintiff does not present any argument or evidence indicating that he complied with Rule 11(c)(2) by serving the motion on Defendant's attorney at least 21 days before filing the motion with the court, thereby giving Defendant the opportunity to correct the challenged conduct. As for Plaintiff's argument that Defendant has not participated in preparing a discovery plan as required by the court, the court has not ordered the parties to prepare a discovery plan in this case. The court therefore will deny Plaintiff's motion.

/ / /

/ / /

### VI. MOTIONS FOR SCHEDULING ORDER (ECF Nos. 32, 41)

Plaintiff requests that the court enter a scheduling order in this case. Under Local Rule 16-1, the court must enter a scheduling order in cases brought by inmates under 42 U.S.C. § 1983. The court therefore will grant Plaintiff's motions. The court will enter a separate scheduling order with deadlines measured from the date of this order.

### VII. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Harold D. Harden's motion for order to show cause (ECF No. 26) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's objection regarding acceptance of service (ECF No. 30) is DENIED.

IT IS FURTHER ORDERED that Defendant Venus Fajota's motion to strike (ECF No. 36) is GRANTED. The Clerk of Court must STRIKE Plaintiff's objection and reply to Defendant's answer (ECF No. 34).

IT IS FURTHER ORDERED that Plaintiff's motions for a scheduling order (ECF Nos. 32, 41) are GRANTED. The court will issue a separate scheduling order.

IT IS FURTHER ORDERED that Plaintiff's motion for a contempt order (ECF No. 35) is DENIED.

DATED: September 12, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**